UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAKESHA LAWSON ) | CASE NO: |
| 9714 MADISON AV ) | |
| CLEVELAND, OHIO 44102 ) | |
| ) | JUDGE |
|     Plaintiff ) | |
| ) | |
| ) | |
| LATOYA DAVIS ) | |
| 2070 WEST BLVD ) | |
| CLEVELAND, OHIO 44102 ) | |
| ) | |
|     PLAINTIFFS ) | |
| ) | |
| V ) | |
| ) | |
| Lt. LOUIS PIPOLY ) | |
| c/o CLEVELAND POLICE DEPARTMENT ) | |
| 1300 ONTARIO STREET ) | |
| CLEVELAND, OHIO 44113 ) | COMPLAINT |
| ) | |
| Lt. THOMAS DILLON ) | JURY DEMAND ENDORSED |
| c/o CLEVELAND POLICE DEPARTMENT ) | |
| 1300 ONTARIO STREET ) | |
| CLEVELAND, OHIO 44113 ) | |
| ) | |
| Sgt GEORGE PETERS ) | |
| c/o CLEVELAND POLICE DEPARTMENT ) | |
| 1300 ONTARIO STREET ) | |
| CLEVELAND, OHIO 44113 ) | |
| ) | |
| Sgt. ROBERT DUNN ) | |
| c/o CLEVELAND POLICE DEPARTMENT ) | |
| 1300 ONTARIO STREET ) | |
| CLEVELAND, OHIO 44113 ) | |
| ) | |
| OFFICER MICHAEL DULLER ) | |

| | |
|---|---|
| c/o CLEVELAND POLICE DEPARTMENT | ) |
| 1300 ONTARIO STREET | ) |
| CLEVELAND, OHIO 44113 | ) |
| | ) |
| OFFICER JOHN DOES 1-10 | ) |
| c/o CLEVELAND POLICE DEPARTMENT | ) |
| 1300 ONTARIO STREET | ) |
| CLEVELAND, OHIO 44113 | ) |
| | ) |
| Individually and in Their Official Capacities | ) |
| as Employees of the City of Cleveland, Ohio | ) |
| | ) |
| And | ) |
| | ) |
| CITY OF CLEVELAND, OHIO | ) |
| 601 LAKESIDE AV. | ) |
| CLEVELAND, OHIO 44114 | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |

## PRELIMINARY STATEMENT

1. This civil rights and tort action challenges the arrest of Lakesha Lawson and the seizure of LaToya Davis' personal property on or about August 25, 2013 by several Cleveland Police Officers. Plaintiffs LaKesha Lawson and LaToya Davis are African-American women who decided to patronize The Horseshoe Casino downtown Cleveland, Ohio. While looking for a parking spot, there was a verbal confrontation between Plaintiff motorist and another motorist over a single parking spot. Casino security summoned the Cleveland Police and the entire unnecessary confrontation was captured on three different surveillance cameras.

2

## JURISDICTION AND PARTIES

2. This action is brought pursuant to Ohio Statutes and United States Constitutional Amendments IV and XIV; 42 USC §1983 and §1988 respectively also 28 USC §1331.

3. Defendant, City of Cleveland, Ohio is an Ohio corporation or political subdivision of the State of Ohio, organized and existing under the laws of the State of Ohio, and operating and conducting business in Cuyahoga County, Ohio.  Cleveland Police Department is a subdivision of Defendant City of Cleveland, Ohio and Cleveland Police Officers.

4. Defendants Officers Lt. Louis Pipoly, Lt. Thomas Dillon, Sgt George Peters, Sgt Robert Dunn, Officer Michael Duller, and Officers John/Jane Does 1-10 are Ohio law enforcement officers employed by the Cleveland Police Department, being sued in their individual capacities and are residents of Cuyahoga County at the time of the incident.

5. Plaintiffs, LaKesha Lawson and LaToya Davis are residents of Cuyahoga County, Ohio at all times relevant to the complaint herein

6. This is an action seeking damages in excess of $1,000,000.00, exclusive of costs, interest, and attorney's fees.

## FACTUAL ALLEGATIONS

3

7. LaKesha Lawson is a thrity-nine year old African-American woman who lives in the City of Cleveland. She is a licensed driver and mother of two small children.

8. LaToya Davis is a thirty-eight year old African- American woman who had recently moved to Cleveland, Ohio. She is a mother of school-aged children and recently lost both her mother and brother to untimely deaths.

9. On the evening of August 25, 2013, both Plaintiffs Lawson and Davis decided to enjoy themselves and patronize the Horseshoe Casino. Plaintiff Lawson was the driver.

10. While attempting to park her vehicle, Plaintiff Lawson simultaneous to another motorist attempted to pull into the one available parking space on a public street.

11. Plaintiff Lawson was first to notice and attempt to park in the space.

12. The other vehicle was being operated by a white female.

13. Because Plaintiff Lawson was first and felt she had the right of way she did not yield the parking space. The other motorist refused to yield the parking space as well.

14. While both motorist reached an impasse; casino security summoned Cleveland Police Officers.

15. The first Cleveland Police officer to respond was Sgt Robert Dunn and he was followed by Lt. Louis Pipoly and Lt. Thomas Dillon.

4

16. Lt. Louis Pipoly immediately and falsely declared Plaintiffs Lawson and Davis as the primary aggressors.

17. Without probable cause or any articulable fact Lt. Pipoly, Lt. Dillon, and Sgt Dunn focused on Plaintiffs Lawson and Davis.

18. Lt. Pipoly, Lt. Dillon, Sgt. Dunn, Officer Michael Duller forcefully and with excessive and unnecessary force took Plaintiff Lawson to the ground and handcuffed her.

19. Each defendant was much larger than Plaintiff Lawson who at the time weighed 100 lbs.  Defendant Pipoly easily and visibly man handled Plaintiff Lawson by forcefully extending her arms behind her back and over her head.

20. Defendants also falsely accused Plaintiff Lawson of stabbing Defendant Pipoly with an unknown object.  Defendants conspired with each other to corroborate this false allegation of assault on a peace officer.

21. At no time was a sharp object confiscated or tested for any DNA or other forensics to support the false allegation that Plaintiff Lawson stabbed or attempted to stab Defendant Pipoly.

22. Most troubling is that Defendants Pipoly, Dillon, Duller, and Peters exerted so much force that Plaintiff Lawson's pants were removed waist down and Plaintiff Lawson was escorted through the casino to the holding cell in such a state undress.

23. None of the Defendant Officers can provide an explanation of who removed or how Plaintiff Lawson's pants were removed. This failure explain or recollect is absent for all use of force reports.

24. Each phase of this senseless and excessive use of force encounter was captured on three different surveillance cameras.

25. Defendants Pipoly, Dillon, Duller, and Peters can be seen laughing and humiliating Plaintiff Lawson in front of a body length mirror, naked waist down, in the casino holding cell.

26. At all times after the excessive force and nakedness, Plaintiff Lawson was handcuffed and not free to leave.

27. Defendants conspired and maliciously charged Plaintiff Lawson with a felony assault offense.

28. Defendants in their prosecution of Plaintiff Lawson abused the criminal process with mercenary motives.

29. Plaintiff Lawson was left in the holding cell half naked and not free to leave for an extended period of time that truly shocks the conscious.

30. Defendants, Pipoly, Dillon, Peters, Dunn, and Duller and others unknown went back street side and confronted Plaintiff Davis.

31. Defendant Officers were not sure whether Plaintiff Davis had recorded the entire encounter so Defendant Pipoly and others conspired to seize Plaintiff Davis' cell phone.

6

32. Defendant Officers, never provided Plaintiff Davis with any property seizure receipt.

33. Plaintiff Davis has at all times since, been without use and enjoyment of her personal property, to wit: cell phone.

34. Plaintiff Davis had very personal photographs of her deceased mother and brother on the unlawfully confiscated cell phone.

35. The Defendant officers had ample opportunity to de-escalate the situation and/or safely initiate this encounter with Plaintiffs Lawson and Davis but instead escalated the situation with their presumptions and tact.

36. The Defendant Officers had ample opportunity to safely provide clear unhurried commands to address the parking situation instead they elected to quickly man handle and strip naked an unarmed female.

37. Both Plaintiffs made citizens complaints and Defendant City of Cleveland has yet to discipline or conclude the investigations; which act to encourage policies, practices, customs of using excessive force.

38. At all times Defendant Officers acted within the scope of their duties as Cleveland Police Officers.

39. At no time did Defendant Officers have probable cause to arrest Plaintiff Lawson or seize Plaintiff Davis' personal property, to wit: cell phone.

40. At all times, relevant to this action, Defendant officers acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the safety and rights of Plaintiffs

       Lawson and Davis when they confronted and used excessive force on August 25, 2013.

41. Defendant, City of Cleveland's policies, patterns, practices, customs and usages regarding the use of force against non dangerous and unarmed citizens were the moving force behind the use of force and proximately caused Plaintiffs harm.

42. Defendant, City of Cleveland has a policy, practice and custom of failing to adequately investigate and discipline police officers who use excessive force on citizens.  This policy, practice, and custom was the moving force behind the excessive force used against Plaintiffs and proximately caused their harm

43. Defendant City of Cleveland has a policy, practice, and custom of allowing officers to use excessive force, failing to supervise officers to reduce excessive force, and failing to train officers, to resolve encounters with citizens without using excessive force.  That policy, practice and custom was the moving force behind the excessive force used against Plaintiffs Lawson and Davis proximately causing their harm.

44. The policies, practices and customs described above have been the subject of federal civil rights investigations, previous lawsuits and have been well known within the Cleveland community for many years.  See, The United States Department of Justice finding of a pattern and practice of

      excessive force by the Cleveland Police detailed in a report released December 4, 2014 http://www.justice.gov./usao/ohn. These patterns, polices, and customs have been encouraged and and perpetuated by the line officers and supervisors including Defendants Lt. Louis Pipoly, Lt. Thomas Dillon, Sgt. George Peters, Sgt. Robert Dunn, and Officer Michael Duller who are policy makers and those responsible for the hire, training, and supervision of police officers within the City of Cleveland who have all acted negligently, recklessly, intentionally, knowingly, and with deliberate indifference to the serious safety needs of the citizens of Cleveland, including Plaintiffs Lakesha Lawson and LaToya Davis.

45. As a direct and proximate result of the conduct of Defendants City of Cleveland, Officers: Pipoly, Dillon, Peters, Dunn, Duller and all others unknown, Plaintiffs Lawson and Davis suffered physical injury, pain, torture, emotional and psychological trauma as a result of the use of force.

## FIRST CAUSE OF ACTION- FALSE ARREST §1983

46. PLAINTIFF Lawson incorporates paragraphs 1-45 as if fully set forth herein;

47. DEFENDANTS City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller and unknown officers have, under color of law, deprived

9

Lakesha Lawson of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free from unreasonable searches and seizures without probable cause.

**SECOND CAUSE OF ACTION – MALICIOUS PROSECUTION 42 USC § 1983**

48. PLAINTIFF Lawson incorporates paragraphs 1-45 as if fully set forth herein;

49. DEFENDANTS City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller , and unknown officers have, under color of law, deprived Lakesha Lawson of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free from unreasonable searches and seizures without probable cause;

50. DEFENDANTS, Officers Pipoly, Dillon, Peters, Dunn, and Duller , and unknown officers, in concert, maliciously initiated or continued criminal prosecution against PLAINTIFF Lawson, and in doing so with lack of probable cause and said criminal proceedings resulted favorably for PLAINTIFF, Lawson

**THIRD CAUSE OF ACTION – ABUSE OF PROCESS**

51. PLAINTIFF, Lawson, incorporates paragraphs 1-45 as if fully set forth herein;

10

52. DEFENDANTS City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller and others unknown did conspire to initiate legal proceedings against PLAINTIFF, Lawson; and that proceedings have been perverted to attempt to accomplish a mercenary motivated purpose; and DEFENDANTS City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller directly caused PLAINTIFF harm as a result of the ill motivated use of process.

### **FOURTH CAUSE OF ACTION – ASSAULT AND BATTERY**

53. PLAINTIFFS hereby incorporates paragraphs 1-45 as though fully set forth herein

54. City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller and others unknown, by and through their association, intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against PLAINTIFFS, LAWSON and DAVIS

### **FIFTH CAUSE OF ACTION – THEFT OF PERSONAL PROPERTY**

54. PLAINTIFF DAVIS hereby incorporates paragraphs 1-45 as though fully set forth herein

55. City of Cleveland, Officers Pipoly, Dillon, Peters, Dunn, and Duller and others unknown, by and through their association, intentionally and maliciously deprived her of her personal property, to wit: cell phone in

an effort to conceal and prevent their illegal and excessive use of force against Plaintiff, Lawson.

56. Plaintiff, Davis has been without use and enjoyment of her property since August 25, 2013.

## JURY DEMAND

56. PLAINTIFF request a jury trial on all claims triable to a jury

PRAYER FOR RELIEF

## PRAYER FOR RELIEF

WHEREFORE, PlaintiffS requests that this Court award:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against the Defendant law enforcement officers in an amount to be shown at trial;

C. Cost incurred in this action and reasonable attorney fees under 42 USC §1988;

D. Prejudgment interest; and

E. Such other and further relief as this Court may deem just and proper.

/s/ Walter T Madison
_____
Walter T Madison, SCR# 0071722
209 S Main Street, Ste 201
Akron, Ohio 44308
330-294-0716
330-294-0823 fax
Walter@WalterMadison.com