IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| *LAKESHA LAWSON, et al.*, | ) | CASE NO. 1:15-CV-01698 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **DEFENDANTS' JOINT MOTION** |
| | ) | **TO DISMISS PLAINTIFFS'** |
| *LOUIS PIPOLY, et al.*, | ) | **COMPLAINT FOR FAILURE TO** |
| | ) | **PROSECUTE OR ALTERNATIVELY** |
| | ) | **MOTION TO COMPEL** |
| Defendants. | ) | |

Now come Defendants City of Cleveland, George Peters, Louis Pipoly, Thomas Dillon, Robert Dunn and Michael Duller jointly, by and through their respective counsel, pursuant to Federal Rule of Civil Procedure 41(b), and hereby move the Court for an order dismissing Plaintiffsø Complaint for failure to prosecute.  Defendants move in the alternative pursuant to Federal Rule of Civil Procedure 37 for an order compelling the Plaintiffs to appear for deposition and answer overdue written discovery requests.

A Memorandum in Support is attached and expressly incorporated.


s/*Forrest A. Norman*                          s/*Aikaterini Houston*
FORREST NORMAN (0059389)            AIKATERINI HOUSTON (0086262)
Dickie, McCamey & Chilcote, P.C.        Assistant Director of Law
600 Superior Ave. East, Suite 2330       City of Cleveland, Department of Law
Cleveland, Ohio 44114                         601 Lakeside Avenue, Room 106
Tel:    (216) 685-1827                           Cleveland, Ohio  44114
Fax:    (888) 811-7144                          Tel:    (216) 664-2800
Email: fnorman@dmclaw.com              Fax:    (216) 664-2663
*Attorney for Defendants Pipoly, Dillon,*   Email: AHouston@city.cleveland.oh.us
*Dunn, and Duller*                              *Attorney for Defendants City of Cleveland*
                                                        *and Peters*

## MEMORANDUM IN SUPPORT

### I.      Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) authorizes a court, on motion of the defendant, to dismiss a case based on the plaintiff's failure to prosecute.[1]  Rule 41(b) provides for the dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court...."  Such a dismissal acts as adjudication on the merits.  It is incumbent on litigants, even those proceeding pro se, to follow ... rules of procedure."[2]  The rationale underling dismissal under Rule 41(b) is the plaintiff's failure to process his case diligently.[3]  The plaintiff and his attorney have the responsibility to move the case forward.[4]  A defendant is under no duty to take any steps to bring a case to trial. [5]

Thus, if a plaintiff fails to properly prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b).[6]  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."[7]  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."[8]

---

[1] Fed. R. Civ. P. 41(b).
[2] *Fields v. County of Lapeer,* No. 99-2191, 2000 U.S.App. LEXIS 29182, at *5, 2000 WL 1720727 (6th Cir. Nov. 8, 2000).
[3] *Lyell Theatre Corp. v. Lowes Corp.* (1982), 682 F.2d 37, 43 (2d Cir.).
[4] *Bendix Aviation Corp. v. Glass* (1962), 32 F.R.D. 375, 378 (E.D. Penn.).
[5] *Id.*
[6] *Link v. Wasbash R. Co.,* 370 U.S. 626, 6296632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).
[7] *Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 736 (6th Cir.2008) (quoting *Knoll v. AT* & T, 176 F.3d 359, 363 (6th Cir.1999)).
[8] *Link,* 370 U.S. at 629.

## II.     Plaintiffs' Failure to Prosecute

Defendants have now noticed Plaintiffs for deposition three times.  On May 17, 2016, Counsel for Defendants Pipoly, Dillon, Dunn and Duller noticed both Plaintiff Lawson and Davis for deposition on June 7, 2016.[9]  Counsel for Plaintiffs canceled both depositions on June 6, 2016 and promised to provide new dates for rescheduling, which he never did.  On June 13, 2016, counsel for Defendants Pipoly, Dillon, Dunn and Duller filed a motion to compel discovery and second notice of depositions for June 27, 2016.[10]  On that same day, the Court continued the discovery cut off per Plaintiffs' request, and the depositions were again canceled. On July 12, 2016, counsel for all parties met at the Cleveland Police Department headquarters for a joint inspection of the cell phone data that was allegedly confiscated by the Cleveland Police during the course of the incident at issue in this case.  Counsel for Plaintiffs appeared without Plaintiff Davis' phone charger or password to inspect and retrieve the data Plaintiffs allege was "Theft of Personal Property."[11]  Finally, on September 1, 2016, counsel for Defendant City and Peters noticed the Plaintiffs a third time for depositions to take place on September 14, 2016.[12]  Plaintiffs failed to appear with no explanation or response.

Furthermore, Plaintiffs are now significantly overdue in their written discovery requests to Defendants Pipoly, Dillon, Dunn and Duller.  Their responses to Defendant Pipoly, Dunn, Duller, and Dillon's Request for Production of Documents No. 2 were inadequate, and Nos. 3, 4, 6, 7, and 10 remain outstanding and unanswered.[13]  Defendants are faced with an October 3, 2016 dispositive motion deadline with virtually no discovery to use in the preparation of their

---

[9] See Exhibit 1.
[10] See Exhibit 2, 3.
[11] See Plaintiffs' Complaint, ¶55-56.
[12] See Exhibit 4.
[13] See Exhibit 5.

defense. Plaintiffs have not only failed to prosecute their case, but also failed to comply with the Federal Rules of Civil Procedure through their total disregard for discovery in this case. The Plaintiffs and their attorney have the responsibility to move the case forward but instead have done virtually nothing. As a result, Defendants are prevented from obtaining the discovery and evidence necessary to property defend the claims against them in this case. Thus, the Court should now dismiss Plaintiffs' case pursuant to Fed.R.Civ.P. 41(b).

### III.     Authority to Compel Pursuant to Federal Rule of Civil Procedure 37

Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper response to requests for production of documents under Rule 34.[14] Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."[15]

On April 8, 2016, Defendants Pipoly, Duller, Dillon, and Dunn served Plaintiffs with Interrogatories and Requests for Production of Documents.   On May 17, 2016, Plaintiffs were kindly noticed of their overdue discovery and ultimately provided  unsigned and unverified responses to Interrogatories only on  June 30, 2016.  The responses contained many inadequacies.[16]  Thus, on July 13, 2016, Plaintiffs were asked to provide the supplemental

---

[14] Rule 37 reads in pertinent part:
If ... a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. Fed.R.Civ.P. 37(a)(2)(B).
[15] Fed.R.Civ.P. 37(a)(3).
[16] See Exhibit 6.

responses that remain outstanding.[17]  Now, five months later, these discovery requests remain outstanding.  Plaintiffs have offered no justification for their failure to both comply with Rule 34 and appear for the September 14, 2016 depositions.  Defendants are now deprived of the discovery needed to prepare motions for summary judgment and move the court, in the alternative, for an order compelling Plaintiffs to comply.

Plaintiffs' failures are prejudicial to Defendants' ability to properly and fully prepare their defenses to the matter at hand.  Rather than continuing to try and defend a case which Plaintiffs are not prosecuting, subjecting Defendants to on-going costs, expenses, and the time devoted to litigation, Defendants respectfully request that this Court dismiss the case as stated herein.

Respectfully submitted,

s/Forrest A. Norman
FORREST NORMAN (0059389)
Dickie, McCamey & Chilcote, P.C.
600 Superior Ave. East, Suite 2330
Cleveland, Ohio 44114
Tel:    (216) 685-1827
Fax:    (888) 811-7144
Email: fnorman@dmclaw.com
*Attorney for Defendants Pipoly, Dillon,*
*Dunn, and Duller*

 s/Aikaterini Houston
AIKATERINI HOUSTON (0086262)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114
Tel:    (216) 664-2800
Fax:    (216) 664-2663
Email:  AHouston@city.cleveland.oh.us
*Attorney for Defendants City and Peters*

---

[17] See Exhibit 5.

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of September, 2106, a copy of **DEFENDANTS'**

**JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO**

**PROSECUTE OR ALTERNATIVELY MOTION TO COMPEL**, was electronically filed.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

<div align="center" style="margin-left:40%">

s/ Aikaterini Houston
Aikaterini Houston (0086262)
*Attorney for Defendant City and Peters*

</div>